IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORBERT STURDEVANT, #09437-089, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-519-JPG |
| ) | |
| M. WINKLEMEIRER, ) | |
| K. WAGGNOR, P. TROVILLION, ) | |
| D. CULLERS, R. PARENT, ) | |
| and FEDERAL BUREAU of PRISONS, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Norbert Sturdevant, an inmate in the United States Prison at Marion, Illinois ("Marion"), brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 96-month sentence for a conviction in the Eastern District of Wisconsin, Case No. 08-cr-0129-WCG, for assaulting a federal officer. This case is now before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2).

Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to

---

[1] As of May 1, 2013, the Judicial Conference of the United States added a new $50.00 administrative fee to all civil actions filed on or after that date. This fee does not apply to persons granted IFP status, thus the filing fee remains $350.00 when a motion to proceed IFP is approved. However, if IFP status is denied, the plaintiff will be assessed the full $400.00 filing fee.

redress." 28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of:  (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit.  *See* 28 U.S.C. § 1915(b)(1)(A)-(B).  After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid.  *See id*.  Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

   In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter.  Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the Eastern District of Wisconsin's electronic docket discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Sturdevant v. Griesbach*, Civil No. 10-402-CNC (E.D. Wis. July 14, 2010); *Sturdevant v. Stadtmueller, et al*, Civil No. 10-786-PJG (E.D. Wis. November 26, 2010); *Sturdevant v. Menominee Indian Tribe of Wis.*, Civil No. 09-884-JPS (E.D. Wis. June 22, 2010). Because Plaintiff has three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In his complaint, Plaintiff alleges that on August 15, 2012, he requested medical attention from each of the individual Defendants because his eye and face were swollen and he believed the eye was infected (Doc. 1, p. 6). They "failed to provide emergency medical care" and told him to sign up for sick call. *Id*. Plaintiff's exhibits show that he signed up for sick call on August 16, 2012; they indicate that his condition was deemed not to be an emergency (Doc. 1, pp. 8, 11). The response to his administrative remedy shows that he was seen on September 5, 2012, and was given medication for eczema that affected his face (Doc. 1, p. 15). There was no indication of an eye infection. Plaintiff claims to "still suffer from residual affects [sic] of that infection" and continues to have nasal pain (Doc. 1, p. 6). He speculates that because of his underlying diabetes, the failure to provide immediate medical attention "could have caused" him to lose an eye or suffer more serious consequences.

Based on these allegations, it does not appear that Plaintiff was in imminent danger of serious physical injury at the time he first sought medical attention in August 2012. His documentation shows that he ultimately did receive treatment for his condition, just not as swiftly as he would have preferred. While he claims to be in some ongoing pain, he does not allege that he has been refused treatment for his current condition. Further, the complaint and exhibits, taken as a whole, do not show that Plaintiff is currently under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g). Therefore, he is not entitled to proceed IFP in this action.

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (**on or before July 18, 2013**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Further, if the fee is not paid in full, an order shall be entered directing payment of the filing fee pursuant to 28 U.S.C. § 1915(b). See *Newlin v. Helman*, 123 F.3d 429, 438 (7th Cir. 1997).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: June 26, 2013**

s/ J. PHIL GILBERT
United States District Judge